RENDERED:  AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0995-ME

J.M., SR.                                                                          APPELLANT


v.                      APPEAL FROM FAYETTE CIRCUIT COURT
                                    FAMILY DIVISION
                          HONORABLE TIFFANY YAHR, JUDGE
                             ACTION NO. 23-AD-00108


A.L.C.; COMMONWEALTH OF
KENTUCKY, THE CABINET FOR
HEALTH AND FAMILY SERVICES;
AND J.M.M., JR., A CHILD

                                                                                   APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  J.M., Sr. ("Father") appeals from an order involuntarily terminating his parental rights to his child, J.M.M., Jr. ("Child").[1] Father raises multiple issues on appeal; however, we believe one issue revolving around the Interstate Compact for the Placement of Children ("ICPC") process necessitates reversal and a remand to the trial court.

## FACTS AND PROCEDURAL HISTORY

Child is the biological child of Father and A.L.C. ("Mother").[2]  At all times relevant to this case, Mother lived with Child in Kentucky and Father lived in Georgia.  Father was active in Child's life and would come to Kentucky to visit when his job and finances would permit.  Child was removed from Mother's custody in March of 2022 after allegations of neglect.  There were no allegations of dependency, abuse, or neglect raised as to Father; however, because Father was living in Georgia and did not have full time custody of Child, the Cabinet requested Father participate in a case plan and begin the ICPC process so Georgia's version of the Cabinet could be involved.

Father was reluctant to work a case plan or participate in the ICPC process because no allegations of neglect or abuse had been put forward against

---

[1] This case involves allegations of dependency and neglect against a minor child; therefore, we will not use the names of the parties in order to protect the child's privacy.

[2] Father is not on Child's birth certificate; however, Mother stated he was the father and Father admitted in court that he was the father.

him and he wanted to focus on Mother regaining custody of Child. Once the Cabinet began moving away from reunification of Child and his parents and toward adoption, Father began participating.

In June of 2023, the Cabinet moved to involuntarily terminate the parental rights of Mother and Father. A hearing on the termination of parental rights petition was held over two days. The first hearing was on March 27, 2024, and the second was on May 29, 2024. At the conclusion of the second day, the court orally terminated the parental rights of the parents. The judge indicated one of the primary reasons she was terminating Father's rights was due to the delay in participating in the ICPC which caused Child to remain in foster care for over a year. A written order and findings of facts and conclusions of law were entered on July 12, 2024. The ICPC issue was also discussed in the findings of fact and conclusions of law. This appeal followed.

## ANALYSIS

On appeal, Father argues that he should not have been required to participate in the ICPC process and that any delays caused by his lack of cooperation in that process should not be held against him. We agree. In *A.G. v. Cabinet for Health and Family Services*, 621 S.W.3d 424 (Ky. 2021), a father was living in Missouri, and later Wisconsin, while the mother was living in Kentucky with their children. One of the children was removed from the mother's custody

-3-

after allegations of abuse. The child was placed with the Cabinet and the father was required the begin the ICPC process. The father refused to participate in that process at first, similar to Father in the case at hand. The trial court ultimately terminated father's parental rights to the child due in part to the lack of completing the ICPC and child being unable to be placed with the father until the ICPC was successfully completed.

> In *A.G.*, the Kentucky Supreme Court held
>
> > that the ICPC does not apply to interstate placements of children with their biological parents. We recognize that there is a split of authority as to whether the ICPC home study approval process should apply to biological parents, but join those states that conclude that the plain, unambiguous language of the statute excludes its application to biological parents against whom no credible allegations of abuse or findings of abuse or neglect have been made.

*Id.* at 432 (footnotes and citations omitted). In this case, there were no allegations of abuse or neglect against Father; therefore, the holding in *A.G.* applies and Father should not have been subjected to the ICPC process.

The Cabinet argues that Father was not listed on Child's birth certificate and was not deemed the father pursuant to a DNA test; therefore, he is not technically the legal father and should still be subject to the ICPC requirements. We find this argument without merit. Mother and Father both stated in court that Father was the biological father. In addition, both the Cabinet and the

court treated him as the biological father. Father was the biological father and, pursuant to *A.G.*, should not have been required to participate in the ICPC process.

## CONCLUSION

Based on the holding in *A.G.*, we reverse and remand. The trial court indicated Father's lack of participation with the ICPC process and the delay it caused in the juvenile dependency, neglect, and abuse case was one of the primary reasons it was terminating his parental rights. There may still be sufficient evidence to terminate Father's parental rights; however, any such attempt to do so should be done without taking into consideration the lack of an ICPC or the delay caused by such.

ALL CONCUR.

BRIEF FOR APPELLANT:

Yavon L. Griffin
Lexington, Kentucky

BRIEF FOR APPELLEE CABINET
FOR HEALTH AND FAMILY
SERVICES:

Dilissa G. Milburn
Mayfield, Kentucky